**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JORGE LINARES,

                                        Petitioner,

          - v -                                                    Civ. No. 9:09-CV-1191
                                                                              (DNH/RFT)

WARREN D. BARKLEY,

                                        Respondent.

APPEARANCES:                                    OF COUNSEL:

JORGE LINARES
96-A-3483
Plaintiff, *Pro Se*
Cape Vincent Correctional Facility
Rte. 12E
Box 599
Cape Vincent, New York 13618

HON. ANDREW M. CUOMO                            PAUL B. LYONS, ESQ.
Attorney General of the State of New York       Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, New York 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

          *Pro se* Petitioner Jorge Linares brings this Petition for a Writ of *Habeas Corpus*, pursuant

to 28 U.S.C. § 2254, challenging a disciplinary conviction and sentenced he received on November

23, 2007, while he was incarcerated at the Riverview Correctional Facility.  Dkt. No. 1, Pet., at ¶¶

1-2.  Respondent has filed a Motion to Dismiss the Petition as Moot, Dkt. No. 13, which Petitioner

opposes, Dkt. No. 15.[1]  For the reasons that follow, we recommend **granting** Respondent's Motion

---

          [1] Although Petitioner's Response was filed late, in light of his *pro se* status, such submission is accepted and
shall not be stricken.

and **dismissing** the Petition.

## I. BACKGROUND

The following facts are not in dispute.  While incarcerated at Riverview, Linares received a Misbehavior Report, dated November 7, 2007, charging him with violating Prison Rule 113.15, which provides that "[a]n inmate shall not purchase, sell, loan, give or exchange a personally owned article without authorization."  N.Y. COMP. CODES R. & REGS. tit. 7, § 270.2(B)(14)(v); Dkt. No. 13-2, Paul B. Lyons, Esq., Decl., dated May 21, 2010, Ex. A, Misbehavior Rep.  The Report, authored by Lieutenant E.D. Cross, stated that two copies of an affidavit, prepared by Linares, were recovered from another inmate's cell and that Linares had no authorization to give such documents to that inmate.  Lyons Decl., Ex. A.

On November 16, 20, and 23, 2007, Rebecca Fiacco, Deputy Superintendent for Administration, conducted a Tier III Disciplinary Hearing as to the charged violation.  *Id*., Ex. B, Tier III Disciplinary Hr'g Tr.  On November 23, 2007, at the conclusion of the Hearing, Hearing Officer Fiacco found Linares guilty of an "unauthorized exchange" in violation of Rule 113.15.  *Id*. at pp. 26-27.  A sentence of 180 days confinement in a special housing unit (SHU) with corresponding loss of privileges was assessed.  *Id*. at p. 26.  Hearing Officer Fiacco also recommended a loss of 180 days of good time credit and that Linares be removed as an Inmate Grievance Resolution Committee representative.  *Id*.  Such disposition was administratively appealed by Linares.  *Id*., Ex. C, Inmate Appeal.  On January 25, 2008, Norman R. Bezio, Director of Special Housing/Inmate Disciplinary Program, reduced the penalty to three months confinement in SHU, with corresponding loss of privileges and loss of good time.  *Id*, Ex. D, Review of Supt. Hr'g.  The stated reason for the sentence reduction was that the "[c]ircumstances surrounding the

incident [did] not warrant the penalty imposed." *Id*. at p. 2.

On February 19, 2008, Linares submitted a *pro se* Article 78 petition to the Albany County Supreme Court, which was transferred to the Appellate Division, Third Department, for disposition. *Id*., Exs. E-K.  On February 5, 2009, the Third Department unanimously dismissed the petition, and leave to appeal to the Court of Appeals was subsequently denied.  *Id*., Exs. L-O.  Petitioner filed the current *Habeas* Petition on October 15, 2009, asserting the following due process violations, which were also raised in his Article 78 petition:[2]

> [1] The hearing officer failed to consider evidence presented by petitioner denying him due process[;] . . .
> [2] Petitioner's alleged misconduct was not supported by substantial evidence and was otherwise protected by both the State and Federal Constitution[;] . . .
> [3] The misbehavior report charging misconduct w[a]s not in compliance with respondent's regulations[;] . . . [and]
> [4] The hearing officer was not an impartial arbiter of the disciplinary hearing.

Pet. at ¶¶ 12(A)-(D).

During the pendency of this Petition, Norman Bezio issued a Memorandum, dated March 29, 2010, noting that, pursuant to a discussion with the Office of the Attorney General, he is administratively reversing the findings of the November 23, 2007 Superintendent's Hearing and ordering that "all records containing references" to the Hearing be expunged.  Lyons Decl., Ex. P.

## II.  DISCUSSION

### A.  Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

---

[2] The sentence attacked herein contained mixed sanctions, that is, the punishment imposed affected both the conditions and duration of Linares's confinement.  In this regard, because the duration of Linares's confinement could have been affected by the outcome of the litigation, it was properly brought as a *habeas* petition.  *See Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).  At the time this action commenced, Linares could have initiated a civil challenge to the conditions of his confinement through 42 U.S.C. § 1983, but only if he was "willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement."  *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006).

when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1)).  In considering such a motion, a court must accept the material factual allegations in the complaint as true. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).  Where jurisdictional facts are disputed, "the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that [jurisdiction] exists." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002) (citations omitted); *see also Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v. Salomon Bros. Int'l Ltd.*, 928 F. Supp. 398, 402 (S.D.N.Y. 1996) ("[T]he Court need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other material outside the pleadings.").  As the party "seeking to invoke the subject matter jurisdiction of the district court," the plaintiff/petitioner bears the burden of demonstrating that there is subject matter jurisdiction in the case. *Scelsa v. City Univ. of New York*, 76 F.3d 37, 40 (2d Cir. 1996); *see also Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

### B.  Mootness

Respondent contends that the reversal and expungement of Linares's Superintendent Hearing renders this matter moot since he has been afforded all the relief he would be entitled. Dkt. No. 13-1, Resp't Mem. of Law.  Linares counters that his Petition remains relevant because the state decisions in conjunction with his Article 78 petition have not been expunged and this issue is capable of repetition, yet evading review. Dkt. No. 15, Pet'r Resp.

Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 6

(1998); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157 (E.D.N.Y. 2003). An actual case or controversy must exist at all stages of federal court proceedings to support subject matter jurisdiction. U.S. Const. Art. III. Thus, a case is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks and citations omitted); *Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

If a court determines an action is moot, it may still entertain such action if it is one that is "capable of repetition, yet evading review." *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 594 n.6 (1999). An otherwise moot claim is "capable of repetition" if 1) the duration of the challenged condition was too limited in duration to permit litigation prior to its cessation, or 2) if there is a reasonable expectation that the plaintiff will be subject to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). A federal court may also entertain a claim if collateral consequences would ensue from denial of the relief sought on mootness grounds. *Werber v. United States*, 149 F.3d 172, 176 (2d Cir. 1998).

In this action, the only relief to be provided by this Court has already been granted through Bezio's March 29, 2010 reversal and expungement order. Therefore, we agree with Respondent that this *Habeas* Petition is now moot. *Lebron v. Graham*, 2010 WL 2771878, at *3 (N.D.N.Y. July 12, 2010) (dismissing *habeas* petition after petitioner had obtained the sole relief sought by his petition, to wit, release to parole supervision); *Arturo v. Bureau of Immigration and Customs Enforcement*, 2003 WL 22139797 (N.D.N.Y. Sept. 16, 2003) (petitioner's deportation rendered *habeas* petition,

seeking same relief, moot); *Arthur v. DHS/ICE*, __ F. Supp. 2d __, 2010 WL 1983075 (W.D.N.Y. May 14, 2010) (petitioner's release from administrative custody, which was the only remedy offered through his *habeas* petition, rendered the petition moot); *Champion v. Connell*, 2009 WL 290451 (N.D.N.Y. Feb. 4, 2009) (petition challenging denial of parole rendered moot once petitioner was released on parole). Linares asserts that other relief is available to him through this proceeding. However, it is simply not within this Court's province nor authority, as Linares suggests, to order the Appellate Division to expunge its records or references to Petitioner's now-reversed disciplinary sentence, nor can we fathom how the existence of such state court records could prejudice Linares. Linares's proposed relief is plainly not cognizable in this *Habeas* matter.  Nor can the Court fathom how the Appellate Division's discrete ruling on the Article 78 petition would have "adverse legal consequences" on future cases.  Pet'r Resp. Mem. of Law at p. 5.

Lastly, the current Petition could be maintained if Linares established that collateral consequences stemming from the Superintendent conviction still exist.  *Green v. McGinnis*, 2003 WL 548826, at *2 (W.D.N.Y. Feb. 5, 2003) (citing *Carafas v. LaVallee*, 391 U.S. 234, 236 (1968)); *see also Spencer v. Kemna*, 523 U.S. at 7.  In the situation where a petitioner challenges his underlying criminal conviction, a presumption exits that collateral consequences flow from such conviction.  *See Sibron v. New York*, 392 U.S. 40, 54-55 (1968) (acknowledging that "most criminal convictions do in fact entail adverse collateral legal consequences") (quoted in *So v. Reno*, 251 F. Supp. 2d 1112, 1121 (E.D.N.Y. 2003)).  However, courts have declined to extend such presumption to challenges of proceedings other than the underlying criminal conviction.  *See Butti v. Fischer*, 385 F. Supp. 2d 183, 185-86 (W.D.N.Y. 2005) (citing cases).  Instead, to proceed, Linares would have to establish that he suffers a concrete injury-in-fact.  *Spencer v. Kemna*, 523 U.S. at 7-8; *So v. Reno*,

251 F. Supp. 2d at 1121 ("In order for a habeas petitioner who is no longer in custody to demonstrate a case or controversy, a concrete and continuing injury that is a collateral consequence of the detention and can be remedied by granting the writ must exist.") (internal quotation marks omitted) (quoted in *Butti v. Fischer*, 385 F. Supp. 2d at 185). Such a showing has not been made herein. Since Petitioner has received all the relief that this Court could provide in this proceeding, the matter complained of is not capable of repetition yet evading review, and there are no collateral consequences at bay, we recommend that this matter be **dismissed** as moot.[3]

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Respondent's Motion to Dismiss (Dkt. No. 13) be **GRANTED** and the Petition for a Writ of *Habeas Corpus* (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should be issued with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file

---

[3] This recommendation would not serve to prejudice Linares's ability to pursue other civil remedies for a violation of his constitutional rights, such as a proceeding pursuant to 42 U.S.C. § 1983.

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:    October 8, 2010
         Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge